**IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT**
**IN AND FOR PINELLAS COUNTY, FLORIDA**
**CIVIL DIVISION**

RECEIVED
ST. PETERSBURG BRANCH
JAN 24 2012
KEN BURKE
CLERK CIRCUIT COURT

CHRISTOPHER J. LIEBER, and LAURIE, A. BOYD, N/K/A LAURIE LIEBER, on behalf of themselves and others similarly situated,

Plaintiffs,

v.

Case No.:

BANK OF AMERICA, N.A., a national association,

Defendant.
_______________________________/

**CLASS ACTION COMPLAINT FOR UNLAWFUL DEBT COLLECTION**

## AMENDED COMPLAINT

**COME NOW,** Plaintiffs, CHRISTOPHER J. LIEBER (hereinafter, "Mr. Lieber") and LAURIE, A. BOYD, N/K/A LAURIE LIEBER (hereinafter, "Mrs. Lieber"), by and through undersigned counsel, on behalf of themselves and others similarly situated, and sue Defendant, BANK OF AMERICA, N.A. (hereinafter, "Defendant"), and allege:

## PRELIMINARY STATEMENT

This is a class action brought pursuant to Rule 1.220, Florida Rules of Civil Procedure, against Defendant for its routine and systematic violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, "FCCPA"). Specifically, Defendant routinely and systematically attempts to collect consumer debts via an unlawful and misleading form Debt Collection Letter which illegally asserts a right that does not exist and which can reasonably be expected to be abusive and harassing.

## PARTIES, JURISDICTION & VENUE

1. This is an action for damages that exceeds $15,000.00 exclusive of attorneys' fees and costs.

2. Jurisdiction and venue for purposes of this action are conferred by Florida Statute § 559.77.

3. Plaintiffs are residents of the State of Florida and at all material times to this Complaint resided in Pinellas County.

4. The alleged violations described in the Amended Complaint with respect to Plaintiffs

occurred in Pinellas County, Florida, and with respect to proposed Class Members occurred throughout the State of Florida.

5. Defendant is a national banking associate existing under the laws of the State of Delaware and headquartered in the State of North Carolina. The Defendant has engaged in its usual and customary business within Pinellas County, Florida.

## CLASS ACTION ALLEGATIONS

6. Defendant has attempted to collect debts owed to it, specifically home mortgage loans, by Florida consumers. These debts were incurred for personal, household or family use.

7. Plaintiffs and Class Members are debtors pursuant to Florida Statute § 559.72(1).

8. Defendant's conduct with regard to the Debts complained of below qualifies as a "communication" as defined by Florida Statute § 559.55.

9. Defendant is a "person" subject to Florida Statute § 559.72. *See* Schauer

v. General Motors Acceptance Corp., 819 So. 2d 809 (Fla. 4th DCA 2002).

10. Defendant acts through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

11. All conditions precedent to the filing of the action occurred or have been waived by the Defendant.

12. Defendant routinely and systematically attempts to collect amounts of money owed on home mortgage loans via an unlawful and misleading form Debt Collection Letter which illegally asserts a right that does not exist and which can reasonably be expected to be abusive, harassing and threatening.

13. Specifically, Defendant's form Debt Collection Letter (attached hereto as Exhibit "A") advises Plaintiffs and Class Members that:

> Your failure to comply with this demand will result in BANK OF AMERICA, N.A., declaring your contract in default. If your contract is declared in default we may take one or more of the following actions: i) demand that you pay the total amount owed on the contract immediately; ii) take immediate possession of the collateral, if we do it peacefully; iii) exercise any other remedies available to us under the contract and in accordance with applicable state law.

14. Defendant's form Debt Collection Letter is false, deceptive and unlawful in that it claims that Defendant may "take immediate possession of the collateral, if we do it peacefully." In reality, Defendant cannot take immediate possession of a debtor's home serving as collateral for a home mortgage loan unless Defendant has first obtained a judgment and writ of possession duly issued by a Court of competent jurisdiction. Defendant sent the form Debt Collection Letter to Plaintiffs and Class Members seeking to collect amounts due for which Defendant had not obtained a judgment let alone a properly issued writ of possession giving Defendant the immediate right to possession of the collateral.

**REPRESENTATIVE PLAINTIFFS' ALLEGATIONS**

15. At all times herein, the Defendant attempted to collect debt, specifically a Bank of America, N.A. loan secured by Plaintiffs' homestead, identified by an account number ending in 1499 (hereinafter "the Debt").

16. On or about March 18, 2010, Defendant sent Plaintiffs a collection letter attempting to collect the Debt (hereinafter, "Debt Collection Letter"). Please see attached a true and correct copy of the Debt Collection Letter labeled Exhibit "A."

17. Florida Statute Section 559.77 provides for the award of up to $1,000.00 statutory damages plus actual damages and an award of attorneys' fees and costs to the Plaintiffs should the Plaintiffs prevail in this matter against Defendant.

18. As of the date of this complaint, the Defendant has not initiated a law suit against Plaintiffs in an effort to collect the Debt. Likewise, no final judgment regarding the Debt has been obtained by, or transferred to, the Defendant, and Defendant does not have a writ of possession or any other legal entitlement to take immediate possession of Plaintiffs' home.

**CLASS ALLEGATIONS**

19. Pursuant to Rules 1.220(a), 1.220(b)(1) and 1.220(b)(3), Florida Rules of Civil Procedure, Plaintiffs bring this class action on behalf of themselves and all other Florida resident consumer debtors who, within two-year period of time prior to the filing of this Amended Class Action complaint, received the Debt Collection Letter in the form attached as Exhibit "A" from Defendant seeking to collect amounts owed on home mortgage loans secured by the Plaintiffs' and Class Members' homes where no final judgment had been entered in favor of Defendant for the amounts Defendant was seeking

to collect (hereinafter, "the Class").

20. This action is properly brought as a class action under Rule 1.220 for the following reasons:

(a) This Class consists of thousands of persons so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

(b) There are questions of law and fact common to all members of the Class, which questions predominate over any question affecting only individual Class Members. These include the following questions of law and fact:

1) Whether the Defendant asserted while collecting consumer debts via the Debt Collection Letter a right which does not exist;

2) Whether the Defendant collected debts through means which can reasonably be expected to abuse or harass the Class Members;

3) Whether the Defendant collected the debts in a deceptive and misleading manner;

4) Whether Plaintiffs and Class Members have suffered damages as a result of Defendant's illegal debt collection practices described herein and in what amount; and

5) Whether Plaintiffs and Class Members are entitled to damages, declaratory and injunctive relief pursuant to the FCCPA.

21. Defendant has acted or refused to act on grounds generally applicable to the Class in that it has engaged in a routine and systematic course of conduct consisting of its utilization of a form Debt Collection Letter which asserts a right that does not exist, is misleading and deceptive, and is reasonably expected to be harassing and abusive.

22. Injunctive and declaratory relief is appropriate with respect to the Class as a whole as a result of Defendant's routine and systematic course of conduct.

23. The Plaintiffs' claims are typical of the claims of the proposed Class Members.

24. Plaintiffs will fairly and adequately protect the interests of the Class, and Plaintiffs have retained as counsel attorneys that are experienced in consumer, class action and complex litigation.

25. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

   a) Given the size of the proposed Class, individual joinder of each Class Member's FCCPA claims is impracticable;

   b) Given the relatively small damages suffered by individual Class Members, as well as the unlikelihood that many Class Members' will know their rights have been violated, most Class Members have little ability to prosecute an individual action due to the complexity of issues involved in this litigation and the significant costs attendant to litigation on this scale;

   c) When the liability of Defendant has been adjudicated, claims of all members of the Class can be determined by the Court;

   d) This action will cause an orderly and expeditious administration of the Class claims, and economies of time, effort and expense will be fostered and uniformity of decisions will be insured;

   e) Other available means of adjudicating the claims of Plaintiffs and Class Members – such as thousands of individual actions brought separately and

        pursued independently in courts throughout the state – are impracticable and inefficient;

f) Without a class action, Class Members will continue to suffer damages and Defendant's violations of law will proceed without remedy while it continues its illegal debt collection activities; and

g) This action presents no difficulties that would preclude management by the Court as a class action.

**COUNT ONE:**
**ABUSIVE OR HARASSING COLLECTION PRACTICES –**
**<u>VIOLATION OF FLORDA STATUTE § 559.72(7)</u>**

The Plaintiffs re-allege paragraphs one (1) through twenty-five (25) as if fully restated herein and further state as follows:

26. The Defendant is subject to, and has violated the provisions of, Florida Statute § 559.72(7) by collecting consumer debts from the Plaintiffs and Class Members by engaging in conduct which can reasonably be expected to abuse or harass the Plaintiffs and Class Members.

27. The Defendant advised Plaintiffs and Class Members in its Debt Collection Letter that if the Plaintiffs and Class Members failed to comply with Defendant's demand for payment, Defendant could "take immediate possession" of Plaintiffs' and Class Members' homes "immediately, if we do so peacefully."

28. The Defendant's above assertions, made in an attempt to collect a debt, are false, deceptive and were made to mislead Plaintiffs and Class Members into believing that they must pay the amounts demanded or else face immediate dispossession of, and eviction from, their homes. The Defendant knowingly threatened to exercise a legal right

that Defendant knew it did not have in an effort to intimate and harass Plaintiffs and Class Members into paying the amounts Defendant was seeking to collect. The Defendant's drafting and sending of the Debt Collection Letter to Plaintiffs and Class Members containing this knowingly false threat is conduct willfully undertaken that could reasonably be expected to abuse Plaintiffs and Class Members.

29. The Defendant's conduct constitutes a willful and flagrant violation of Florida Statute § 559.72(7) in that Defendant engaged in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

30. As a direct and proximate result of the Defendant's actions, Plaintiffs and Class Members have sustained damages as defined by Florida Statute § 559.77.

**COUNT TWO:**
**ASSERTING NONEXISTENT LEGAL**
**RIGHTS WHEN COLLECTING DEBTS –**
**VIOLATION OF FLORIDA STATUTE §559.72(9)**

The Plaintiffs re-allege paragraphs one (1) through twenty-five (25) as if fully restated herein and further states as follows:

31. The Defendant is subject to, and has violated provisions of, Florida Statute §559.72(9) by asserting the existence of some legal right when such person knows that the right does not exist.

32. Specifically, the Defendant advised Plaintiffs and Class Members in its Debt Collection Letter that if the Plaintiffs and Class Members failed to comply with Defendant's demand for payment, Defendant could "take immediate possession" of Plaintiffs' and Class Members' homes "immediately, if we do so peacefully."

33. The Defendant's above assertions, made in an attempt to collect a debt, falsely assert a legal right to immediate possession of Plaintiffs' and Class Members'

homes should Plaintiffs and Class Members fail to comply with Defendant's demand for payment. By sending Plaintiffs and Class Members the Debt Collection Letter, the Defendant knowingly threatened to exercise a legal right that Defendant knew it did not have in an effort to intimate and harass Plaintiffs and Class Members into paying the amounts Defendant was seeking to collect.

34. In reality, Defendant could not take immediate possession of debtor's homes even if Plaintiffs and Class Members refused to pay the Defendant the amounts Defendant demanded as Defendant did not have a judgment for the amounts demanded nor a writ of possession or other legal entitlement to possession of Plaintiffs' and Class Members' homes.

35. The Defendant's conduct constitutes a willful and flagrant violation of Florida Statute § 559.72(9) in that Defendant asserted the existence of a legal right when the Defendant knew that the right did not exist.

36. As a direct and proximate result of the Defendant's actions, the Plaintiffs and Class Members have sustained damages as defined by Florida Statute §559.77.

WHEREFORE, Plaintiffs and Class Members respectfully request the following relief:

a. An Order certifying the Class requested herein, appointing Plaintiffs' class representative to act on behalf of the Class and appointing his attorneys as counsel for the Class;

b. Judgment against Defendant for statutory damages caused by Defendant's conduct;

c. Declaratory and injunctive relief prohibiting Defendant from further

       engaging in debt collection activities that violate the FCCPA;

d. An award of costs, interest, attorneys' fees; and

e. Any other such relief the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

37. Plaintiffs hereby demand a trial by jury on all issues triable by right.

Respectfully Submitted,

**LEAVENGOOD, NASH, DAUVAL & BOYLE, P.A.**

**Ian R. Leavengood, Esq. FBN 0010167**
**Christopher C. Nash, Esq., FBN 135046**
2958 First Avenue North
St. Petersburg, FL 33713
Phone: (727) 327-3328
Fax: (727) 327-3305
ileavengood@leavenlaw.com
cnash@leavenlaw.com
Attorney for Plaintiffs

BANK OF AMERICA, N.A.
P.O. BOX 22033
GREENSBORO, NC 27430

MARCH 18, 2010

000196

CHRISTOPHER J LIEBER
LAURIE A BOYD
4029 BURKINGTON AVE
N. SAINT PETERSBURG, FL 33713-1531

Re: Demand for Total Past Due Amount
ACCOUNT: 68211065101499

Dear Customer:

BANK OF AMERICA, N.A. has previously requested that you pay the past due amount on your account. Despite our best efforts, your account remains past due for the 12-16-2009 payment. The total amount now past due, including late charges, is $337.39.

Consequently, BANK OF AMERICA, N.A. must now demand that you remit the total past due amount of $337.39 within ten (10) days from the date of this letter. Your payment should be sent to the address printed above.

Your failure to comply with this demand will result in BANK OF AMERICA, N.A. declaring your contract in default. If your contract is declared in default we may take one or more of the following actions: i) demand that you pay the total amount owed on the contract immediately, subject to any right the law gives you to reinstate the contract; ii) take immediate possession of the collateral, if we do it peacefully; iii) exercise any other remedies available to us under the contract and in accordance with applicable state law.

Please contact me immediately at the telephone number listed below to discuss the status of your account.

Sincerely,

ISMAIL NUR
BANK OF AMERICA, N.A.
800.936.6362

If required under applicable state or local law:
THIS IS AN ATTEMPT TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Exhibit A

/BOADEP/BOALLE/CAC636////

BOA3

Recycled Paper